UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LESLIE ANDERSON,<br>　　　　Plaintiff,<br><br>v.<br><br>BLUESTEM BRANDS, INC. d/b/a<br>FINGERHUT,<br>　　　　Defendant. | C. A. No.:<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

## COMPLAINT

LESLIE ANDERSON ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Connecticut, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Waterbury, Connecticut 06706.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in February 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

14. Defendant contacted Plaintiff, on average, once a day.

15. When placing calls to Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

16. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice before transferring the call to a live agent.

17. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect a $74 account balance.

18. On several occasions, Plaintiff was able to speak with both a male caller and female caller by the name "Amber", who identified their company name.

19. During these calls, Plaintiff revoked any consent that Defendant may have had to contact her by cellular telephone and instructed that the calls stop.

20. During one conversation, Plaintiff informed Defendant that she was on SSI and could not afford to make any payment on the account.

21. Once Defendant was aware that its calls were unwanted and to stop calling, there was no lawful purpose to make any further calls, nor was there any good faith reason to place future calls.

22. Although Defendant heard Plaintiff's instructions to stop calling, they continued to call.

23. Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

24. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT I

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed because they were calling for an unknown third party.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LESLIE ANDERSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LESLIE ANDERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

LESLIE ANDERSON,
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
atroccoli@creditlaw.com

Dated: July 14, 2016